UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON DAY,

       Plaintiff,                        Case No. 05-CV-71311

vs.                                      HONORABLE DENISE PAGE HOOD
                                         HONORABLE STEVEN D. PEPE

BENCY MATHAI, ET AL.,

       Defendants.
_____/

REPORT AND RECOMMENDATION REGARDING MOTIONS TO DISMISS FILED BY DEFENDANTS
DEBBIE ROTH (#12), MICHIGAN DEPARTMENT OF CORRECTIONS (#8)
AND CORRECTIONAL MEDICAL SERVICES (#24)

       Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC). Plaintiff is an African-American male and a member of the Jewish faith alleging discrimination against him for his race and faith, and interference with his religious practice. On April 5, 2005, he filed his complaint against the Defendants under 42 U.S.C. §1983 and 42 U.S.C. §1985 alleging violations of the First, Eighth, and Fourteenth Amendments as well as statutory violations, breach of contract and various torts. He seeks damages and injunctive relief.

       Defendants Dr. Bency Mathai (Dr. Mathai) and United Correctional Managing Care, Inc. (United) have not been served with the complaint at the time of this Report and Recommendation. Defendants Debbie Roth (Roth), MDOC and Correctional Medical Services (CMS) filed motions for dismissal pursuant to Fed. R. Civ. P. 12(b) and 42 U.S.C. §1997(e). In response to defendants' motions, Plaintiff filed motions for leave to amend his complaint and for enlargement of the time

period in which he was allowed to answer defendants' motions for dismissal. For the reasons stated below, it is RECOMMENDED that the following motions should be GRANTED IN PART: Defendant Michigan Department Of Correction's Rule 12 Motion For Dismissal (#8); Defendant Roth's Rule 12 Motion To Dismiss (#12) and Defendant Correctional Medical Services, Inc.'s Motion To Dismiss Under FRCP 12(b)(6) and 42 U.S.C. §1997e (#24).

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

In a previous action, 03-CV-73206, Plaintiff joined with two other inmates in the custody of the MDOC who were members of the Jewish faith in alleging various forms of discrimination against them for their faith, and interference with their religious practices and customs. On August 27, 2003, they filed a 34 paragraph complaint against 37 Defendants under 42 U.S.C. §1983 alleging multiple violations of the First, Eighth, and Fourteenth Amendments during the period of July 2001 through December 2002. They sought damages and injunctive relief. The defendants in that action filed motions for dismissal under Fed. R. Civ. Proc. 12(b) or summary judgment under Fed. R. Civ. P. 56(b). The motions were originally granted in part and denied in part, with the plaintiffs' exhausted claims being dismissed with prejudice and the unexhausted claims being dismissed without prejudice (#152). Upon motion for reconsideration, and in light of the *Bey v. Johnson* (407 F.3d 801 (6th Cir. 2005)) opinion, the Court dismissed the entire complaint without prejudice so that the unexhausted claims could be fully exhausted on June 30, 2005 (#157).

Plaintiff has two pending cases in the district court.[1] In the current case before this Court, Plaintiff names five defendants (none of whom were named in the previously dismissed lawsuit):

---

[1] On July 7, 2005, Plaintiff filed another §1983 action naming Parnell Correctional Facility mail room staff, Case No. 05-72677, Hon. Judge Tarnow presiding.

2

Dr. Mathai, Roth, CMS, United and MDOC. Plaintiff lists thirteen counts stemming from the medical care he has received while incarcerated:

1. Violation of the right to exercise religion; to seek redress through administrative grievances without repercussion; to access to the court,
2. Medical malpractice, based within denial of my religious liberty;
3. Negligence/Gross Negligence
4. Malice for the person of the plaintiff;
5. Beach of contract with a governmental agency; failure to monitor custodial duties within health care provinces and actions by the defendants;
6. Fraud and deceit;
7. Deliberate indifference;
8. Intentional infliction of emotional distress;
9. Failure to protect;
10. Violation of the Equal Protection Clause of the 14th Amendment;
11. Right to Eighth Amendment liberty protecting from cruel ad unusual punishment;
12. Violation of the 42 U.S.C. § 2000cc-1(a)(1)-(2) ("RLUIPA")
13. Violation of the Americans with Disabilities Act, (ADA) (42 U.S.C. §1981)

(Plaintiff's Complaint, p. 2).

In his Statement of Facts, Plaintiff alleges that the defendants were "personally and professionally" involved, and either acted "willfully and knowingly or failed to act to stop said violations." (Plaintiff's Complaint, p. 3). Apart from background facts, Plaintiff offers the following as the totality of specific factual allegations in support of his complaint:

> (6) Plaintiff was subjected to invasive derision, malice and contempt from the defendants, because he is an African-American, who practices the Jewish faith.
> (7) The plaintiff was subjected to undue pain, risk of permanent injury ... due to the defendant's exhibiting and implementing "cookie-cutter" policies designed to show and provide indifferent medical-care because the plaintiff is incarcerated. Further, the defendants exhibits (sic) a failure to respond to needed medical care requests by the plaintiff to same, due [to] the plaintiff's refusal to renounce his religious beliefs, proscriptions and diet.
> (8) The plaintiff is currently diagnosed with several chronic illnesses .... ... which require constant monitoring, of which the defendants refused to do, or failed to do.

3

>(9) The defendants unwittingly denied the plaintiff of life-saving medications, subjecting the plaintiff to inclement weather and other blandishments designed to demean, embarrass or otherwise harm his person, and cause emotional distress, without making the required adjustments to the level of patient care necessary.
>(10) Defendants Roth and Dr. Mathai, colluded to deny medical care with employees of the Michigan Department of Corrections, because of other pending litigation of the plaintiff. These actions were meant to cause irreparable harm to the person of the plaintiff.
>(11) Defendants "United" and "CMS" acted to further endanger the plaintiff, through the issuance of directives, memoranda and other policy to "cut costs" and not permit most on-going health concerns. Further, these directives caused the plaintiff to not receive the level of care, he would have gotten within the community.
>(12) Defendant "MDOC" as custodian of the plaintiff, failure to protect the plaintiff from the actions of their employees, and the actions/inactions of their contractors. Therefore, within its capacity as custodian the plaintiff is duty bound to respond and protect their wards.
>(13) The defendants "MDOC" through the actions of their employees served to provide usury information to defendants Roth and Dr. Mathai, designed to compromise the level of care provided, and further endanger the livelihood of the plaintiff.

(Plaintiff's Complaint, pp. 4-7).[2]

Plaintiff seeks injunctive and declaratory relief and monetary damages in the amount of "$100,000 for each count/claim, defendant..." (Plaintiff's Complaint, pp. 6-7).

Defendants Roth and MDOC have filed motions for dismissal pursuant to Fed. R. Civ. P. 12(b) and 42 U.S.C. §1997e(a) alleging that Plaintiff has failed to make particularized averments of wrongdoing as required to state a §1983 claim, failed to properly indicate whether he has exhausted his administrative remedies, and named MDOC as a defendant in violation of the Eleventh Amendment. CMS has also filed a motion for dismissal pursuant to Fed. R. Civ. P. 12(b)

---

[2]Plaintiff also attached several inches of unindexed and unorganized documents which apparently chronicle his visits to the prison health care system and the grievances he has filed with MDOC.

and 42 U.S.C. §1997e(a), and alleges that Plaintiff has failed to show exhaustion as to individual defendants and has failed to state a claim.

**II.     ANALYSIS**

    **A.     Standard**

Complaints must be construed in the light most favorable to a plaintiff. The Court must accept all factual allegations as true, and determine whether the Plaintiff can prove a set of facts in support of the claims warranting relief. *Vector Research, Inc. v. Howard & Howard Attorneys P.C.,* 76 F.3d 692, 697 (6th Cir. 1996). Moreover, pro se complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). It is also well established, however, that conclusory, unsupported allegations of constitutional deprivation do not state a claim. See, e.g., *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir.) ("[T]he allegations must be more than mere conclusions, or they will not be sufficient to state a civil rights claim."), cert. denied, 484 U.S. 945 (1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) ("It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings."); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985) (conclusory, unsupported allegations insufficient to state a claim).

Under the liberal federal pleading standard, Plaintiff must only give Defendants fair notice of his claims and the grounds upon which they rest. *Id.* Yet courts "are not bound by allegations that are clearly unsupported and unsupportable." *Place v. Shepherd,* 446 F.2d 1239, 1244 (6th Cir. 1971). "It is not enough for a complaint under §1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such

claims must be set forth in the pleadings." *Chapman*, *supra*, 808 F.2d at 465; *See also, Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003) (stating that while the standard for dismissals under Rule 12(b)(6) is liberal, a complaint must contain either direct or inferential allegations regarding all the material elements, which must be more than bare assertions of legal conclusions); *Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003) (stating that the complaint must contain more than a bare averment that the Plaintiff "wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a right of action." (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216, at 163 (2d ed.1990)); *Russell v. Tennessee Dept. of Correction,* No. 03-6217, 2004 WL 834741 (6th Cir. April 16, 2004) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.") (unpublished, citations omitted).

  **B.**  **Plaintiff's Claims Against MDOC**

It has long been held that an unconsenting State is immune from suits brought in federal courts by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Duhne v. New Jersey*, 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280 (1920); *Great Northern Life Insurance Co. v. Read*, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); *Parden v. Terminal R. Co.*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); *Employees v. Department of Public Health and Welfare*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). It is also well established that even though a State is not named as a party to the action, the suit may nonetheless be barred by the Eleventh Amendment where a private party is "seeking to impose a liability which must be paid from public funds in the state treasury...." *Edelman v. Jordan,* 415 U.S. 651, 662-663(1974)(citations omitted).

Since MDOC is an entity which is funded with public funds from the Michigan State Treasury, the Eleventh Amendment often bars suit against MDOC. *Richard v. Michigan Dept. of Corrections,* 22 Fed. Appx. 563, 564 (6th Cir. 2001)(citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Abick v. Michigan*, 803 F.2d 874, 876-77 (6th Cir.1986)). Therefore, the MDOC's Eleventh Amendment immunity would preclude most of Plaintiff's claims against MDOC. Yet, the Eleventh Amendment does not automatically provide MDOC a shield of sovereign immunity from claims arising in all instances, and some of Plaintiff's claims, had they been factually supported, would have survived a challenge based solely on immunity, as described more fully below:

   1. ***RLUIPA***

The state may waive its Eleventh Amendment immunity by consenting to suit (*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984)), and acceptance of federal funding can, in certain instances, constitute a waiver of a state's sovereign immunity ( *South Dakota v. Dole*, 483 U.S. 203, 207 (1987)(Congress may condition its grant of funds to the States upon their taking certain actions and acceptance of the funds entails an agreement to the actions)).

The language of RLUIPA anticipates such a waiver: "A person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government," where a government is defined as "a State, county, municipality, or other governmental entity created under the authority of a State." 42 U.S.C.A. § 2000cc-2(a), § 2000cc-

5(4)(a)(i).[3]

MDOC did not fully address the issue of whether its acceptance of federal funding precludes sovereign immunity under RLUIPA, nor the validity of Plaintiff's RLUIPA claims. Therefore MDOC's motion for summary disposition pursuant to its Eleventh Amendment immunity must be denied as it pertains to Plaintiff's RLUIPA claim. Yet, because Plaintiff's complaint fails to allege facts to support a violation of RLUIPA, and merely invoking the name of the Act is not sufficient to state a claim, Plaintiff's RLUIPA claims should be dismissed for failure to state a claim.

### 2. *ADA*

Because Plaintiff has alleged a violation of the ADA and the Sixth Circuit has held that the Eleventh Amendment only bars Title II ADA claims based upon the Equal Protection Clause, but does not bar Title II ADA claims based upon the Due Process Clause, the Eleventh Amendment is also not an outright bar to Plaintiff's ADA claims against MDOC. *Carten v. Kent State Univ.*, 282 F.3d 391 (6th Cir. 2002); *Robinson v. Akron Sch. of Law*, 307 F.3d 409 (6th Cir. 2002).

Therefore MDOC's motion for summary disposition pursuant to its Eleventh Amendment immunity must be denied as it pertains to Plaintiff's ADA claim. Yet, because Plaintiff's ADA claim is incognizable given that Plaintiff has failed to allege a qualifying disability and failed to allege that he was discriminated against by reason of said disability (42 U.S.C. §12132; *Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 492 (6th Cir. 2004)) and, again, merely invoking the name of the Act is not sufficient to state a claim, Plaintiff's ADA claims should be dismissed for failure

---

[3] Additionally, MDOC can no longer rely on *Cutter v. Wilkinson*, 349 F.3d 257, (6th Cir. 2003), which held that RLUIPA violated the Establishment Clause. The 6th Circuit's decision in *Cutter* has been reversed by the Supreme Court, which held that the contested provision of RLUIPA is a permissible accommodation which does not on its face violate the Establishment Clause. *Cutter v. Wilkinson*, 125 S.Ct. 2113, 2121 (2005).

to state a claim.

The remaining claims against MDOC should be dismissed with prejudice pursuant to MDOC's Eleventh Amendment immunity.

### C.     Plaintiff Has Failed to Exhaust His Administrative Remedies Against Defendants MDOC, CMS and United.

The PLRA requires that a prisoner exhaust administrative remedies before filing suit in the district court. The PLRA states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a) (2004). The prisoner has the burden of proving that a grievance has been fully exhausted (*Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002)) and the prisoner must attach documentation to the complaint as proof (*Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998)). In the absence of written documentation regarding the administrative disposition of his grievance, a prisoner should describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Further, exhaustion is not jurisdictional; it is mandatory (*Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir.1999)), even if proceeding through the administrative system would be "futile" (*Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir.1999)). And, the PLRA's exhaustion requirement applies such that a "mixed" complaint, alleging both exhausted and unexhausted claims, must be completely dismissed for failure to exhaust administrative remedies. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

In order for "a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).

The description of the alleged mistreatment need not include a specific legal theory or all the required elements of a particular legal theory, but the prisoner must give the "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Id*.

Plaintiff attached to his complaint copies of numerous grievances he has filed during his incarceration. There is only one grievance which even arguably names any defendants other than Dr. Mathai or Roth, Grievance Identifier No. SMT 04-07-00993-28A (Grievance 04-28A). And, while Plaintiff attached documentation which indicates that Plaintiff appealed Grievance 04-28A through Step III,[4] Grievance 04-28A contains only conclusory speculations and does not contain any specific factual allegations of wrongdoing.

Grievance 04-28A lists 26 named and one Jane Doe offenders, as well as unnamed classes of offenders including all of the nursing staff, Health Services Employees, Medical Service Employees and Correctional Managed Care employees. Plaintiff alleges each may be responsible for "injury caused solely by Negligence/Recklessness by Dr. Bency Mathai, intentional wrongful conduct toward Plaintiff on behalf of the other Defendants in the above mentioned Cass (sic)." In this grievance Plaintiff goes on to explain that he intends to add all of the named offenders to Case No. 03-CV-73206 pursuant to "all (MDOC) Policies, Procedures (OP), (AR), (MDOC) Employee Handbook Civil service Work rules, All State and Federal Laws, pertaining to the MDOC & Health Care Services, Including but not limited to Retaliation/Harassment, Clear Deliberate Indifference, Cruel & Unusual Punishment, violations of 18 USC. §1001, also my 1st, 8th, 14th Amendment Rights." He seeks relief of another treating doctor, a low sodium kosher diet and snack bag and the

---

[4]Exhibit A.

right to self administer his medication.  Again, he mentions no specific actions any person took to violate his rights.  Due to the fact that Grievance 04-28A fails to give prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the claims made against the defendants in Plaintiff's current complaint, it is recommended that Plaintiff's complaint be dismissed for failure to exhaust his administrative remedies with regard to his claims against defendants MDOC, CMS and United.  *Bey, supra*, 407 F.3d 801.

### III.   RECOMMENDATION

For the reasons stated above, it is Recommended that Defendant Michigan Department Of Correction's Rule 12 Motion For Dismissal (#8) be GRANTED IN PART with all claims being dismissed with prejudice against MDOC, except the RLUIPA and ADA (Due Process only) claims; and Plaintiff's complaint be DISMISSED for failure to exhaust administrative remedies under 42 U.S.C. §1997e.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 24, 2005                              s/Steven D. Pepe
Ann Arbor, Michigan                                 United States Magistrate Judge

Certificate of Service

I hereby certify that copies of this Order were served upon the plaintiff and attorneys of record by electronic means or U. S. Mail on August 24, 2005.

                                            s/William J. Barkholz
                                            Courtroom Deputy Clerk