**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CLIFTON DAY,

    Plaintiff,

v.

BENCY MATHAI, et al.,

    Defendants.
_____/

Case No. 05-CV-71311-DT

HONORABLE DENISE PAGE HOOD

**ORDER RE: REPORT AND RECOMMENDATION**
**AND**
**DISMISSING ACTION WITHOUT PREJUDICE**

    This matter is before the Court on Magistrate Judge Steven D. Pepe's Report and Recommendation filed August 24, 1995. On September 1, 2005, Defendants filed Objections to the Report and Recommendation. Plaintiff filed responses to the Objections.

    The Court has had an opportunity to review the Report and Recommendation and finds that the Magistrate Judge reached the correct conclusion that Plaintiff has failed to exhaust his administrative remedies on all the claims Plaintiff raised in his Complaint. Because Plaintiff failed to exhaust administrative remedies, the Court will dismiss the Complaint without prejudice. The Court need not reach the Magistrate Judge's analysis regarding Plaintiffs' claims against the Michigan Department of Corrections and the claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc-2000cc-5, and the Americans with Disability Act.[1]

---

[1] Plaintiff should, however, review the Magistrate Judge's analysis on these issues for future reference.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2004). The prisoner has the burden of proof and must properly support, with specificity, that he or she has exhausted all available administrative remedies, even if proceeding through the process would be "futile." *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2002; *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998); *Hartsfield v. Vidor,* 199 F.3d 305, 308-10 (6th Cir. 1999). The PLRA's exhaustion requirement applies to complaints which contain a mix of exhausted and unexhausted claims. *Jones Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005). Total exhaustion is now required. *Id.*

Defendants raised in their Objection that the Magistrate Judge's Report and Recommendation was unclear as to whether certain claims were recommended to be dismissed or whether the entire Complaint was dismissed. The Sixth Circuit analyzed the difference between 42 U.S.C. § 1997e(a) and (c). Subsection (c) allows a district court to dismiss unexhausted claims and address exhausted claims. In *Jones Bey,* the Sixth Circuit noted,

> Furthermore, reading subsection (a) and subsection (c)(2) together demonstrate that Congress intended for "action" to mean "suit." If a district court is presented with a "mixed" petition, it has the power under subsection (c)(2) to dismiss any frivolous claims, exhausted or not, *with prejudice.* However, dismissal under subsection (a) allows the court to dismiss the entire action *without prejudice.* The *Smeltzer* court recognized that Congress must have intended that courts could use subsection (c)(2) to dismiss unexhausted claims as frivolous to keep them from "holding up" the others. *Smeltzer,* 235 F.Supp.2d at 744. In the alternative, the court could dismiss the entire action without prejudice and allow the prisoner to re-file only exhausted claims.

*Jones Bey*, 407 F.3d at 807 (citing *Smeltzer v. Hook,* 235 F. Supp. 2d 736, 744 (W.D. Mich. 2002).

The Court dismisses the action without prejudice so that Plaintiff may either pursue his administrative remedies on all his claims or re-file a complaint with the exhausted claims.

Accordingly,

IT IS ORDERED that Magistrate Judge Pepe's Report and Recommendation filed August 24, 2005 **(Docket No. 42)** is ACCEPTED and ADOPTED as to the exhaustion issue only, the Court not reaching the remaining analysis.

IT IS FURTHER ORDERED that Defendant MDOC's Motion to Dismiss **(Docket No. 8, filed May 25, 2005)** is GRANTED, for the reasons set forth above.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss **(Docket No. 12, filed June 20, 2005)** is GRANTED, for the reasons set forth above.

IT IS FURTHER ORDERED that Defendant Correctional Medical Services, Inc.'s Motion to Dismiss **(Docket No. 24, filed June 20, 2005)** is GRANTED, for the reasons set forth above.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

    /s/   DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED: September 30, 2005

2:05-cv-71311-DPH-SDP   Doc # 50   Filed 09/30/05   Pg 4 of 4    Pg ID 668