UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON DAY,

        Plaintiff,                      Case No. 05-CV-71311

vs.                                        HONORABLE DENISE PAGE HOOD
                                            HONORABLE STEVEN D. PEPE

BENCY MATHAI, et al,

        Defendants.
_____/

### REPORT AND RECOMMENDATION PLAINTIFF'S MEMORANDUM OF LAW FOR THE REINSTATEMENT OF ORIGINAL AND/OR AMENDED COMPLAINT (DKT. #52)

Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC). Plaintiff is an African-American male and a member of the Jewish faith alleging discrimination against him for his race and faith, and interference with his religious practice. On April 5, 2005, he filed his complaint against the Defendants under 42 U.S.C. §1983 and 42 U.S.C. §1985 alleging violations of the First, Eighth, and Fourteenth Amendments as well as statutory violations, breach of contract and various torts. He sought damages and injunctive relief. On September 30, 2005, in light of the holding in *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), which established a total exhaustion requirement in all prisoner cases, this matter was dismissed without prejudice due to Plaintiff's failure to exhaust his administrative remedies regarding each claim against defendant in his complaint (Dkt. #50).

Plaintiff's current motion seeks to reopen the case given the holding in *Copenhaver v. Hammer*, 2005 WL 2899673 (W.D. Mich.). In the unpublished *Copenhaver* opinion, Judge Enslen held that the *Bey* Court was not entitled to establish a total exhaustion requirement because such a

holding was contrary to the prior Sixth Circuit holding of *Hartsfield v. Vidor*, 199 F.3d 305 (1999), and, according to Sixth Circuit Rule 206(c), the Sixth Circuit can only modify its prior decisions when sitting *en banc* or when following United States Supreme Court precedent. *Copenhaver*, 2005 WL 2899673 at *2.

In *Bey,* Judge Clay, concurring in part and dissenting in part, also made the argument that *Hartsfield* stood for the proposition that a district court may address the merits of exhausted claims and dismiss only those that are unexhausted when faced with a complaint that contains both. *Bey*, 407 F.3d at 809-10. However Judge Siler, who wrote the opinion of the Court, held that *Hartsfield* did not actually rule on the issue of total exhaustion and stated:

> Although that decision follows the principle in application, it does not discuss total/partial exhaustion. Perhaps the issue was not raised by the parties in that case. We would never suggest repudiating a holding in a prior decision, but the author of the *Hartsfield* decision was also the author of the subsequent decision in *Knuckles El*, 215 F.3d at 642, in which this court "reserve[d] for another day" this very question. *Id.*[1] *T*he author of the dissent herein was also a member of the panel that decided *Knuckles El.* Moreover, if the decision in *Hartsfield* was so clear, it is strange why other panels of this court and district courts in this Circuit have not always followed it.

*Bey*, 407 F.3d at 806-07.

Indeed, the *Hartsfield* court did not squarely address the issue of whether §1997e requires

---

[1] The full quote from the *Knuckles El* case, decided after *Hartsfield,* is as follows: "We reserve to another day the question of whether exhausted claims in a "mixed" complaint should be addressed when such claims otherwise meet the pleading requirements or whether such a complaint should be dismissed in its entirety." *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000).

dismissal of a mixed complaint.[2]  Therefore, because a majority in the *Bey* case determined they were resolving an issue not decided in *Hartsfield*, *Bey* is the controlling Sixth Circuit law on the matter.

For the reasons stated above, IT IS RECOMMENDED that Plaintiff's motion to reopen this matter be DENIED.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

---

[2] In fact, with respect to the claims the *Hartsfield* Court referred to as having been reached "on the merits", it is not clear that the Court was not merely affirming a decision to dismiss claims pursuant to § 1997e(c), which allows a district court to dismiss any claim that is frivolous, malicious or fails to state a claim upon which relief can be granted, whether it is exhausted or not.  *Bey*, 407 F.3d at 807 (*citing Smeltzer v. Hook*, 235 F. Supp. 2d 736, 744 (W.D. Mich. 2002).  If it was, then *Hartsfield* did not really even involve a mixed complaint issue and, if it was not, the fact remains that the Court did not address the issue of total exhaustion in its holding.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 25, 2006                      s/Steven D. Pepe
Ann Arbor, Michigan                      United States Magistrate Judge

Certificate of Service

I hereby certify that copies of this Report and Recommendation were served upon the plaintiff and attorneys of record by electronic means or U. S. Mail on January 25, 2006.

                     s/William J. Barkholz
                     Courtroom Deputy Clerk