UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CLIFTON DAY,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**CASE NO. 05-71311**
　　　　　　　　　　　　　　　　　　　**HONORABLE DENISE PAGE HOOD**
**BENCY MATHAI, et al.,**

        **Defendants.**
_____/

## ORDER DENYING PLAINTIFF'S MOTION

This matter is before the Court on Magistrate Judge Steven D. Pepe's Report and Recommendation dated January 25, 2006. Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983 on April 5, 2005, alleging Defendants' violated his First, Eighth, Fourteenth, and various statutory rights, as well as breach of contract and tort claims. The Defendants each filed Fed. R. Civ. P. 12(b) Motions for Dismissal,[1] which were referred to Magistrate Judge Steven D. Pepe. On August 24, 2005, the Magistrate Judge recommended dismissal of all Defendants based on Plaintiff's failure to demonstrate exhaustion of administrative remedies pursuant to 42 U.S.C. 1997e(a). This recommendation included the dismissal of all claims asserted against the MDOC, but excluded Plaintiff's ADA and RLUIPA claims. As to these claims, the Magistrate Judge found that Plaintiff failed to state a claim.

On September 30, 2005, this Court dismissed Plaintiff's Complaint without prejudice

---

[1] It does not appear that Defendants Dr. Bency Mathai and United Correctional Services have ever been served in this matter. The Defendants who filed Motions for Dismissal in this matter include: the Michigan Department of Corrections, Debbie Roth, and Correctional Medical Services.

because he failed to exhaust his administrative remedies pursuant this Circuit's recent decision requiring total exhaustion. *See Jones-Bey v. Johnson*, 407 F. 3d 801 (6th Cir. 2005).[2]

Plaintiff's current motion requests that his case be reinstated[3] based upon a subsequent, non-precedential, unpublished district court decision. *See Copenhaver v. Hammer*, 2005 U.S. Dist. LEXIS 66970 (W.D. Mich. 2005). The *Copenhaver* court held that the *Jones-Bey* decision was contrary to the prior Sixth Circuit decision in *Hartsfield*, which implicitly held that partial exhaustion was the law in this Circuit. *See Hartsfield v. Vidor*, 199 F. 3d 305 (1999). According to Judge Enslen, *Jones-Bey* violates Sixth Circuit Rule 206(c) because *Hartsfield* has not been overturned by the Sixth Circuit sitting *en banc*, nor by the U.S. Supreme Court. As such, the decision is void under Sixth Circuit law and *Hartsfield's* partial exhaustion is the controlling law in this Circuit. *Copenhaver,* 2005 U.S. Dist. LEXIS 66970 at *2-3.

The Magistrate Judge recommended denying Plaintiff's Memorandum of Law for the Reinstatement of Original and/or Amended Complaint Due Decision in Copenhaver v. Hammer. Since *Hartsfield* did not directly address whether section 1997e(a) requires total exhaustion,[4] and a majority of the *Jones-Bey* panel determined that the issue was unresolved in this Circuit, *Jones-Bey* is controlling authority.[5] The U.S. Supreme Court has granted certiorari to resolve the issue of

---

[2] *Jones-Bey* requires district courts to dismiss prisoner civil rights suits in their entirety, if both exhausted and unexhausted claims are alleged. The district court is not permitted to dismiss the unexhausted claims and proceed to the plaintiff's exhausted claims. *Id.* at 805.

[3] Plaintiff entitled his motion, "Memorandum of Law for the Reinstatement of Original and/or Amended Complaint Due Decision in Copenhaver v. Hammer."

[4] The *Hartsfield* Court dismissed the plaintiff's unexhausted claims but addressed the merits of the remaining exhausted claims. *Hartsfield*, 199 F. 3d at 309-10.

[5] The Court recognizes that there is a conflict within this Circuit regarding whether *Hartsfield* or *Jones-Bey* is the controlling authority in the Sixth Circuit. *Compare Spencer v.*

whether the PLRA's exhaustion provision requires total exhaustion, and this Court will not expressly address the total exhaustion issue at this time.[6]  Accordingly, the Court will again address the Magistrate Judge's August 24, 2005 Report and Recommendation. After careful review and consideration, the Court finds that the Magistrate Judge reached the correct conclusion for the proper reasons.  All of Plaintiff's claims except the claims against Defendant Nurse Debbie Roth, must be dismissed due to his failure to exhaust administrative remedies, except for Plaintiff's RLUIPA and ADA claims. The Court agrees that in regard to Plaintiff's RLUIPA and ADA claims, Plaintiff has not stated a claim to withstand dismissal under Fed. R. Civ. P 12(b)(6) and these claims are dismissed with prejudice.  Upon subsequent review the of the Report and Recommendation dated August 24, 2005, the Court finds that the Magistrate Judge did not specifically address whether the claims against Defendant Roth were exhausted, and if exhausted, whether they state a claim upon which relief can be granted, thus these claims are not dismissed at this time.

Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation of January 24, 2006, [**Docket #59, filed January 24, 2006** ] is GRANTED IN PART AND DENIED IN PART, as stated above.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation of

---

*Bouchard*, 449 F. 3d 721, 726 (6th Cir. 2006)("Because *Hartsfield* and *Burton* were decided before *Bey*, we conclude that the partial-exhaustion rule is the law of this circuit.), *and  Rinard v. Luoma*, 440 F. 3d 361, 363 (6th Cir. 2006)("[A]lthough the total/partial exhaustion question lurked amid the record in *Hartsfield*, that case did not address nor decide the issue so as to be binding upon this court . . . *Bey* definitively answered the question . . . .").

[6]  *See Williams v. Overton*, 126 S. Ct. 1463 (2006); *Jones v. Bock*, 126 S. Ct. 1462 (2006).

August 24, 2005 [**Docket #42 , filed August 24, 2005** ] is adopted in regards to the dismissal of Plaintiff's RLUIPA and ADA claims and those claims are DISMISSED with prejudice for failure to state a claim.

IT IS ORDERED that Defendants' Motion for Clarification/Objection to the Report and Recommendation (August 24, 2005)  [**Docket #46,  filed September 1, 2005**] is GRANTED.

IT IS FURTHER ORDERED that Defendant Roth's Rule 12 Motion to Dismiss [**Docket #12, filed June 1, 2005**]  is referred again to the Magistrate Judge for Report and Recommendation as to the other claims against Defendant Nurse Debbie Roth only.[7]

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated:  September 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2006, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager
        United States District Court Judge

---

[7] It is unclear whether the Magistrate Judge determined in his August 24, 2005 Report and Recommendation that the grievances filed against Defendant Roth at Step I on 7/8/04, 7/12/04, and 12/9/03 were exhausted, or relate to any of Plaintiff's claims against Defendant Roth.