UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON DAY,

      Plaintiff,                                Case No. 05-CV-71311

vs.                                         DISTRICT JUDGE DENISE PAGE HOOD
                                             MAGISTRATE JUDGE STEVEN D. PEPE

BENCY MATHAI, DEBBIE L. ROTH
R.N. ; UNITED CORRECTIONAL
MANAGING CARE, INCORPORATED;
CORRECTIONAL MEDICAL SERVICES, INCORPORATED AND
MICHIGAN DEPARTMENT OF CORRECTIONS

      Defendants.
_____/

## REPORT AND RECOMMENDATION

For the reasons stated below, IT IS RECOMMENDED that Plaintiff's request for reinstatement be DENIED (Dkt. #75), Defendant Roth's motions to dismiss be GRANTED (Dkt. #12) and Plaintiff's Complaint be DISMISSED.[1]

**I.    BACKGROUND**

Plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), is an African-American male and a member of the Jewish faith alleging discrimination against him for his race and faith, and interference with his religious practice. On April 5, 2005, he filed

---

[1] On March 19, 2007, Defendant Mathai submitted a motion to dismiss wherein Defendant alleged, among other things, failure to exhaust (Dkt. # 77). Plaintiff was ordered to respond on or before April 16, 2007 (Dkt. 78). As of today's date, no response has been filed. This motion is not addressed in this Report because Judge Denise Page Hood's September 30, 2006, order directed that all claims except those against Defendant Roth be dismissed for failure to exhaust (Dkt. # 62). Therefore, the claims against Defendant Mathai have already been dismissed and this Report recommends that Plaintiff's request for reinstatement of the case be denied.

his complaint against the Defendants under 42 U.S.C. §1983 and 42 U.S.C. §1985 alleging violations of the First, Eighth, and Fourteenth Amendments as well as statutory violations, breach of contract and various torts.

Defendants MDOC, Correctional Medical Services (CMS) and Debbie Roth filed motions for dismissal. The undersigned recommended that two of Plaintiff's claims, those falling under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Americans with Disabilities Act (ADA), should be dismissed with prejudice for failure to state a claim. Though Plaintiff's method of pleading and the sheer size of his 194 page complaint made it difficult to discern exactly what actions each defendant was alleged to have taken and what grievances were filed referencing these actions, the undersigned also recommended the dismissal of the remainder of the complaint without prejudice because it was at least clear Plaintiff had neglected to exhaust his claims against MDOC, CMS and United Correctional Services (United). Judge Denise Page Hood issued an order accepting the Report and Recommendation as to the exhaustion issue and dismissing the entire complaint under the then-current "total exhaustion rule" (Dkt. #50).

Following Defendant Debbie Roth's objection to the recommendation and Plaintiff's motion for reinstatement of the complaint in light of *Copenhaver v. Hammer*, 2005 U.S. Dist. LEXIS 66970 (W.D. Mich. 2005) (calling into question the validity of the Sixth Circuit total exhaustion requirement in *Jones-Bey*), Judge Hood issued a September 30, 2006, order. Judge Hood ordered that the RLUIPA and ADA claims would be dismissed with prejudice and all other claims, save those against Defendant Debbie Roth, would be dismissed without prejudice for failure to exhaust. The Order went on to declare that total exhaustion would not be addressed,

given that the Supreme Court had granted certiorari to determine whether the PLRA's exhaustion provision required total exhaustion, and referred again Defendant Debbie Roth's motion for dismissal to the undersigned for a recommendation.

On October 10, 2006, the undersigned issued on order indicating that "even an in-depth reading of the complaint does not clearly outline the cause of action against Defendant Debbie Roth" and directing Plaintiff to show cause why Defendant Roth's Rule 12 Motion To Dismiss should not be granted by providing a brief summary of the claims against Defendant Roth and information about steps taken to exhaust the claim(s) (Dkt. #65). Plaintiff was ordered to respond on November 30, 2006. This date was later extended to March 23, 2007, at Plaintiff's request and again to April 27, 2007, when the Court learned through the receipt of returned mail that Plaintiff had neglected to change his address with the Court and, therefore, may not have received the order. Though the Court confirmed Plaintiff's new location through MDOC's offender search and on March 30, 2007, sent the new order extending the date for a response as well as the October 10th Order to Show Cause to his current address, no response has been received as of today's date.

On February 14, 2007, Plaintiff filed a memo requesting reinstatement of the entire case based on the United States Supreme Court's holding in *Jones v. Bock*, 127 S.Ct. 910 (2007) (Dkt. #75). In the undersigned's March 9, 2007, order to show cause, it was explained that *Jones v. Bock* did not do away with the exhaustion requirement and that Plaintiff's dismissed claims were dismissed for either failure to state a claim or failure to exhaust and not the total exhaustion rule which had been overturned by *Jones v. Bock* (Dkt. #76). Nevertheless, Plaintiff was given a chance to show that any of the claims dismissed for failure to exhaust were actually exhausted.

Plaintiff was ordered to respond on or before March 30, 2007. This date was later extended to April 27, 2007, due to the fact, as stated earlier, that the Court learned that Plaintiff had neglected to change his address with the Court and, therefore, had not received the order. As stated previously, the Court confirmed Plaintiff's new location through MDOC's offender search and on March 30, 2007, sent the new order extending the date for a response as well as the March 9th Order to Show Cause to his current address. No response has been received as of today's date.

**II.     STANDARD**

Complaints must be construed in the light most favorable to a plaintiff. The Court must accept all factual allegations as true, and determine whether the Plaintiff can prove a set of facts in support of the claims warranting relief. *Vector Research, Inc. v. Howard & Howard Attorneys P.C.,* 76 F.3d 692, 697 (6th Cir. 1996). Moreover, *pro se* complaints are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). It is also well established, however, that conclusory, unsupported allegations of constitutional deprivation do not state a claim. See, e.g., *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir.) ("[T]he allegations must be more than mere conclusions, or they will not be sufficient to state a civil rights claim."); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) ("It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings."); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985) (conclusory, unsupported allegations insufficient to state a claim).

Under the liberal federal pleading standard, Plaintiff must only give Defendant fair notice

of his claims and the grounds upon which they rest. *Id.* Yet courts "are not bound by allegations that are clearly unsupported and unsupportable." *Place v. Shepherd,* 446 F.2d 1239, 1244 (6th Cir. 1971). "It is not enough for a complaint under §1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman*, *supra*, 808 F.2d at 465; *See also, Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003) (stating that while the standard for dismissals under Rule 12(b)(6) is liberal, a complaint must contain either direct or inferential allegations regarding all the material elements, which must be more than bare assertions of legal conclusions); *Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003) (stating that the complaint must contain more than a bare averment that the Plaintiff "wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a right of action." (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §1216, at 163 (2d ed.1990)); *Russell v. Tennessee Dept. of Correction,* No. 03-6217, 2004 WL 834741 (6th Cir. April 16, 2004) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.") (unpublished, citations omitted).

In *Jones v. Bock*, the Supreme Court overturned the Sixth Circuit's total exhaustion rule and its requirement that prisoner's specifically plead exhaustion in their complaints. Yet the PLRA's exhaustion requirement remains in effect and requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. §1997e(a), *see Booth v. Churner* 532 U.S. 731, 731 (2001).

The *Jones v. Bock* Court held that it is the state correction system's procedures which determine what requirements must be met in order for a grievance to be deemed procedurally

5

proper. In *Woodford v. Ngo*, 126 S.Ct. 2378 (2006), the Supreme Court clarified that a prisoner cannot allow administrative filing deadlines to pass and then proceed to federal court arguing that no administrative remedies are available to him, but must follow the state corrections system's procedures and *properly* exhaust all administrative remedies before he may bring a cause of action in federal court.

> Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

*Id.* at 2386.

## III. FACTUAL ANALYSIS

Plaintiff's Request for Reinstatement

Plaintiff's current motion cites *Jones v. Bock*, apparently because he mistakenly thought his case was dismissed under the total exhaustion rule.

Yet, as explained in the previous order to show cause, while *Jones v. Bock* overturned the Sixth Circuit's total exhaustion rule and its requirement that prisoners specifically plead exhaustion in their complaints, the PLRA's exhaustion requirement remains in effect and requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. §1997e(a), *see Booth v. Churner* 532 U.S. 731, 731 (2001). Plaintiff's claims that were dismissed for failure to exhaust were dismissed because it was determined that the claims against those defendants had not been exhausted. These were not exhausted claims that were dismissed under the total exhaustion rule because other claims were not exhausted. *Jones v. Bock* did not remove the exhaustion requirement and thus has no impact on those claims of Plaintiff that were dismissed for failure to exhaust. Therefore, the *Jones v.*

6

*Bock* opinion does not negate this Court's opinion dismissing Plaintiff's unexhausted claims.

Plaintiff was given the opportunity to show that any exhausted claims were dismissed as a result of the previous orders. He failed to do so and, therefore, IT IS RECOMMENDED that the previous order dismissing all claims in this matter except those against Defendant Roth be upheld and Plaintiff's request for reinstatement be DENIED.

<u>Claim against Defendant Roth</u>

Plaintiff's Complaint does not give Defendant Roth fair notice of the claim he has brought against her and Plaintiff has failed to cure this defect despite being given the opportunity to do so.

As previously stated, it is unclear from the Complaint what facts Plaintiff was alleging against Defendant Roth. His Complaint states merely that she colluded with Defendant Mathai and MDOC to prevent him from receiving proper medical care "because of other pending litigation". No other facts are specifically pled, though Plaintiff attached 179 pages of supporting documentation in the form of heath care request forms and MDOC grievance forms. The conclusory, unsupported allegation of constitutional deprivation Plaintiff specifically pled does not meet the requirements for stating a §1983 claim and a review of the supporting documents fails to provide the support needed to sustain a §1983 claim against Defendant Roth.

Therefore, IT IS RECOMMENDED that Defendant Roth's motion to dismiss be GRANTED and the remaining claim in this matter, Plaintiff's claim against Defendant Roth, be dismissed for failure to state a claim.

**IV.    RECOMMENDATION**

For the reasons stated above, IT IS RECOMMENDED that Plaintiff's request for reinstatement be DENIED (Dkt. #75), Defendant Roth's motions to dismiss be GRANTED (Dkt. #12) and Plaintiff's Complaint be DISMISSED.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the

| | |
|---|---|
| Court. Dated: May 17, 2007 | s/Steven D. Pepe |
| Ann Arbor, Michigan | United States Magistrate Judge |

**Certificate of Service**

      I hereby certify that on May 17, 2007, I electronically filed the foregoing order with the Clerk of the Court using the ECF system which will send notification of such filing to Christine M. Campbell, MI Dept. of Atty. Gen. and Kimberly A, Koester , and I hereby certify that I have mailed by United States Postal Service a the paper to the following non-ECF participants: Clifton Day #233435, Hiawatha Correctional Facility, 4533 W. Industrial Park Drive, Kincheloe, MI 49786.

                                                                s/ James P. Peltier
                                                                Courtroom Deputy Clerk
                                                                U.S. District Court
                                                                600 Church St.
                                                                Flint, MI 48502