THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD BERNARD DAY
        Plaintiff,                            Case No. 05-71311

vs.

                                             HONORABLE DENISE PAGE HOOD
BENCY MATHAI et al.                  HONORABLE STEVEN D. PEPE
        Defendants.
_____/

## ORDER DENYING APPOINTMENT OF COUNSEL (DKT. #74)

On February 14, 2007, Plaintiff filed his fourth Motion seeking court appointed counsel (Dkt. # 74). All pretrial matters were referred to the undersigned on June 1, 2005, pursuant to 28 U.S.C. § 636 (b)(1)(A).

Plaintiff, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed this action under 42 U.S.C. §1983, alleging that defendants violated his constitutional rights. Plaintiff, in his complaint, asserts numerous claims including:

    1.) Violation of his rights of religious free exercise;
    2.) Medical malpractice;
    3.) Negligence;
    4.) Intentional Infliction of Emotional Distress (Dkt. # 1).

Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and

1

legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

Plaintiff has demonstrated in his extensive complaint[1] and subsequent filings that he understands the legal issues and can present these issues to a Court in a satisfactory manner. Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment. Their services must be carefully rationed to the most appropriate cases. If the matter proceeds beyond dispositive motions and is scheduled fro trial, Plaintiff may renew his motion at that time.

Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

SO ORDERED.

Date: September 28, 2007          s/Steven D. Pepe
Ann Arbor, Michigan          United States Magistrate Judge

---

[1] Plaintiff's complaint totals 194 pages.

CERTIFICATE OF SERVICE

      I hereby certify that on September 28, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Christine M. Campbell, Kimberley A. Koester , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Clifton Day #233435, Marquette Branch Prison, 1960 U.S. Hwy. 41 South, Marquette, MI 49855

      s/ James P. Peltier
      James P. Peltier
      Courtroom Deputy Clerk
      U.S. District Court
      600 Church St.
      Flint, MI 48502
      810-341-7850
      pete_peliter@mied.uscourts.gov