# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CLIFTON DAY,

        **Plaintiff,**

v.                              **CASE NO. 05-71311**
                                    **HONORABLE DENISE PAGE HOOD**

BENCY MATHAI, et al.,

        **Defendants**.

_____/

## ORDER ADOPTING  REPORT AND RECOMMENDATION

## I.    BACKGROUND FACTS

This action is before the Court on Magistrate Judge Steven D. Pepe's Report and Recommendation ("R & R") [Docket # 101], which recommends that Defendant Dr. Bency Mathai's Motion to Dismiss [Docket # 77] be granted.  Plaintiff filed his objections to the R & R on March 27, 2008.

Plaintiff filed this *pro se* action on April 5, 2005.  He is currently an inmate in the custody of the Michigan Department of Corrections (MDOC).  Plaintiff is African-American and a member of the Jewish faith.  In the Complaint, he alleges, among other things, violations of his First, Eighth, and Fourteenth Amendment rights.  Most of Plaintiff's claims relate to his diet and health.  He seeks monetary and injunctive relief.

## II.    STANDARD OF REVIEW

    A.    <u>Report & Recommendation</u>

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

B.     Rule 12(b)(6) Dismissal

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where a plaintiff cannot establish any set of facts that would entitle him to the relief sought. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). In ruling on a Rule 12(b)(6) motion, a court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

## III.   ANALYSIS

The R & R first concludes that six of Plaintiff's ten grievances were properly rejected, either as duplicative or as unexhausted. (R & R at 12-14.) The R & R then discusses Plaintiff's remaining four claims in detail. These remaining claims allege that Dr. Mathai retaliated against Plaintiff by restricting his access to blood pressure medication and by denying him a diabetic and kosher diet. (*Id.* at 14.) In the first claim, grievance SMF-03-09-3336-12D4, he alleges that Dr. Mathai placed his hypertension medication on the restricted list, which required him to stand in line to obtain the medication, and ingest it in the presence of a prison official. (Dkt. #1-2 at 31.) Upon review, the MDOC concluded that Plaintiff's medication had been placed on the restricted line to ensure that it was taken. (*Id.* at 32.) Plaintiff's blood pressure was high and his store orders reflected that he was purchasing many items which were high in sodium. (*Id.*)

In his second claim, grievance SMT-03-09-3337-12H, Plaintiff alleges the same claims.

(*Id.* at 38.)  Upon review, the MDOC again alluded to its concerns regarding Plaintiff's high blood pressure.  (*Id.* at 41.)  Plaintiff's third and fourth claims, SMT-04-1-0050-12Z and MST-03-113672-12D4 make the same allegations.  (Dkt. #1-3 at 8; Dkt. #1-3 at 47.)  The MDOC responses to his third and fourth claims essentially mirrored those to the first and second claims.  (Dkt. #1-3 at 10; Dkt. #1-4 at 6.)

The R & R discusses these claims within the context of the Eighth Amendment, the Equal Protection Clause, the Religious Land Use and Institutionalized Persons Act (RLUIPA), state law conspiracy, and state law intentional infliction of emotional distress.  (R & R at 14-25.)  Finding no merit in any of Plaintiff's claims, Magistrate Judge Pepe recommends that Defendant Mathai's Motion to Dismiss be granted.  (*Id.* at 25.)

Plaintiff objects to the R & R's ultimate recommendations, citing three specific objections.  First, he alleges that the R & R employed the improper Rule 12(b)(6) standard.  (*Id.* at 7-8.)  Second, he alleges that six of his unexhausted claims should not have been dismissed.  (*Id.* at 8.)  Third, he alleges that the Magistrate Judge improperly concluded that Plaintiff was eating non-kosher food.  (*Id.* at 11-12.)  As to the assertion that Plaintiff was eating non-kosher foods from the prison store such as Moonlodge Potato Chips and Hershey Big Block with Almonds, Plaintiff alleges that an expert is required to determine which foods are kosher.  (*Id.* at 3, 11-13.)[1]

The Court finds no merit in Plaintiff's first claim.  The Magistrate Judge employed the

_____

[1]Although Plaintiff further alleges that he was eating foods from the prison store, because he feared that the cafeteria cooks were poisoning the kosher meals, (*Id.* at 2,) the Court notes that he presented different reasons for purchasing non kosher snacks from the prison store.  For instance, in an October 1, 2003 interview with prison officials, Plaintiff indicated that he was purchasing non-kosher items "to pay for his laundry and other items."  (Dkt. #1-2 at 32.)

appropriate legal standard in ruling on Defendant's Motion to Dismiss. Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1965, 1968 (2007).

The Court finds no merit in Plaintiff's second claim. The MDOC properly dismissed Plaintiff's six other claims. Five of those claims (SMT-04-07-00993-28A, SMT-03-11-3671-12D4, SMT-04-07-0992-12D4, and SMT-04-07-0964-12E4) were dismissed as duplicative, as they alleged essentially the same facts as those alleged in Plaintiff's other claims; namely, that Defendants were inattentive to his dietary needs. (R & R at 12-13.) Duplicative or previously filed grievances are rejected by the MDOC. Policy Directive 03.02.130(G)(1). The sixth claim, SMT-03-11-3706-12I, was dismissed as untimely, because Plaintiff failed to informally grieve the claim within two business days of its occurrence. If a prisoner does not comply with an appropriate deadline (in this case Policy Directive 03.02.130(G)(4)), that claim is unexhausted and must be dismissed. *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006).

The Court finds no merit in Plaintiff's third claim. The Court is not convinced that an expert is required for the MDOC to make the determination that Plaintiff's purchases from the prison store were non-kosher. Plaintiff fails to point to any authority in support of this claim. Further, this claim is unexhausted. There is no evidence in the record that Plaintiff has previously challenged the MDOC's characterization of his prison store purchases as non-Kosher.

In light of the foregoing,

IT IS ORDERED that Magistrate Judge Steven D. Pepe's Report and Recommendation [Docket # 101] is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law

with respect to Defendant Mathai's Motion to Dismiss.

IT IS FURTHER ORDERED that Defendant Mathai's Motion to Dismiss [Docket # 77] is **GRANTED**.

IT IS ORDERED that Magistrate Judge Steven D. Pepe's Report and Recommendation [Docket # 83] is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law with respect to Defendant Roth's Motion to Dismiss [Docket # 12] and Plaintiff's Motion for Reinstate of Case [Docket # 75].

IT IS FURTHER ORDERED that Defendant Roth's Motion to Dismiss [Docket # 12] is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Reinstatement of Case [Docket # 75] is **DENIED**.

IT IS FURTHER ORDERED that Defendant Mathai's Motion for Clarification [Docket # 98] is **DENIED AS MOOT**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment [Docket # 103] is **DENIED AS MOOT**.

IT IS FURTHER ORDERED that Plaintiff's Complaint is **DISMISSED**.

S/Denise Page Hood               
Denise Page Hood
United States District Judge

Dated:  March 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2008, by electronic and/or ordinary mail.

S/William F. Lewis                  
Case Manager
